Stephen AARON, Jr., Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 90–CA–000747–MR.

Court of Appeals of Kentucky.

June 7, 1991.

---

1. Likewise, we need not address the fact that Carnes is not a proper cross-appellee. *See* CR 74.

J. Kirk Griggs, II, Lexington, for appellant.

Frederic J. Cowan, Atty. Gen. and Michael Harned, Asst. Atty. Gen., Frankfort, for appellee.

Before CLAYTON, MILLER and McDONALD, JJ.

CLAYTON, Judge:

This appeal arises from the refusal of the Fayette Circuit Court to segregate the record of the appellant, Stephen Aaron, Jr., pursuant to the provisions of KRS 17.142. We affirm.

Appellant was indicted on June 24, 1985, by a Fayette County Grand Jury on two (2) counts of first-degree robbery and for being a persistent felony offender (PFO). The appellant entered a plea of guilty to the robbery of the "Fresh Liquor" store on March 12, 1985. The other count of robbery concerning a "Minit Mart" and the PFO count were dismissed.

A presentence investigation (PSI) report was prepared containing the circumstances of both robbery charges. The report was entered into the record. The appellant states in his brief that the trial court overruled the appellant's objection to the inclusion in the report of the material relating to the dismissed charges.[1] The court sentenced the appellant to ten (10) years in prison and he was denied parole in 1987. Appellant now seeks to have the information relating to the dismissed charges segregated from the PSI report, which is in the hands of the Parole Board, pursuant to the provisions of KRS 17.142, provided below:

*17.142. Segregation of criminal records.—*

(1) Each law enforcement or other public agency in possession of arrest records, fingerprints, photographs, or other data whether in documentary or electronic form shall upon written request of the arrestee as provided herein segregate all records relating to the arrestee in its files in a file separate and apart from those of convicted persons, if the person who is the subject of the records:

(a) Is found innocent of the offense for which the records were made; or

(b) Has had all charges relating to the offense dismissed; or

(c) Has had all charges relating to the offense withdrawn.

(2) A person who has been arrested and then has come within the purview of subsection (1) of this section may apply to the court in which the case was tried, or in which it would have been tried in the event of a dismissal or withdrawal of charges, for segregation of the records in the case. Upon receipt of such application the court shall forthwith issue an order to all enforcement agencies in possession of such records to segregate the records in accordance with the provisions of this section.

(3) Each law enforcement agency receiving an order to segregate records shall forthwith:

(a) Segregate the records in its possession in a file separate and apart from records of convicted persons;

(b) Notify all agencies with which it has shared the records or to which it has provided copies of the records to segregate records; and

(c) All records segregated pursuant to this section shall show disposition of the case. (Enact. Acts 1980, ch. 127, § 1, effective July 15, 1990.)

The appellant asserts that the Parole Board relied upon the unsubstantiated allegations contained in the PSI report concerning the dismissed robbery charge in violation of due process, and that such information should have been ordered segre-

---

1. We are unable to review the actual sentencing as the event was not recorded due to a technical malfunction.

gated by the trial court. Generally, a parole board has broad discretion in hearing evidence, including dismissed counts of an indictment, hearsay evidence, and allegations of criminal activity for which the prisoner has not even been charged. *Hackett v. U.S. Parole Commission*, 851 F.2d 127, 131 (6th Cir., 1987), citing *Maddox v. Parole Commission*, 821 F.2d 997, 999 (5th Cir., 1987). Furthermore, it has been held that the Parole Commission has a right to a presentence investigation report even if it is sealed. *United States v. Quan*, 789 F.2d 711 (9th Cir., 1986). Similarly in Kentucky, the Parole Board is to consider *all pertinent information*. KRS 439.340(1) and (2). Impliedly under KRS 439.510, the Parole Board may review information prepared by a probation or parole officer such as a PSI report. Thus, we do not believe KRS 17.142 may be used to remove unwanted information in a PSI report from the scrutiny of the Parole Board.

■ The question remains whether the Parole Board or other public agency that is in possession of a PSI report may be ordered to segregate portions that pertain to dismissed counts as a part of a plea bargain. KRS 532.050 defines the necessity of the trial court's use of a presentence report.

*532.050. Presentence procedure for felony conviction.*

(1) No court shall impose sentence for conviction of a felony, other than a capital offense, without first ordering a presentence investigation after conviction and giving due consideration to a written report of the investigation. The presentence investigation report shall not be waived.

(2) The report shall be prepared and presented by a probation officer and shall include an analysis of the defendant's history of delinquency or criminality, physical and mental condition, family situation and background, economic status, education, occupation, personal habits, and any other matters that the court directs to be included.

(3) Before imposing sentence for a felony conviction, the court may order the defendant to submit to psychiatric observation and examination for a period not exceeding sixty (60) days. The defendant may be remanded for this purpose to any available clinic or mental hospital or the court may appoint a qualified psychiatrist to make the examination.

(4) Before imposing sentence, the court shall advise the defendant or his counsel of the factual contents and conclusions of any presentence investigation or psychiatric examinations and afford a fair opportunity and a reasonable period of time, if the defendant so requests, to controvert them. The court shall provide the defendant's counsel a copy of the presentence investigation report. It shall not be necessary to disclose the sources of confidential information.

It is apparent from KRS 532.050 that the PSI report is a court record. Control over court records has been traditionally exempt from legislative control. *Ex Parte Farley*, Ky., 570 S.W.2d 617 (1978). We must conclude that the PSI report is not controlled by KRS 17.142.

■ Even if the PSI report is not considered a court record, KRS 17.142 can only be interpreted to require the reasonable separation of records. Thus, where records are fused based upon a multiple count indictment, the public agency is not required to delete on a line by line by basis in the event of one charge being dismissed.

The trial court was correct in not ordering the Parole Board to segregate the PSI report of the appellant.

The judgment of the Fayette Circuit Court is affirmed.

All concur.