Paul Dwayne YORK, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 90–CA–2608–MR.

Court of Appeals of Kentucky.

Sept. 20, 1991.

Paul Dwayne York, pro se.

Frederic J. Cowan, Atty. Gen., Todd D. Ferguson, Asst. Atty. Gen., Frankfort, for appellee.

Before HOWERTON, STUMBO and WILHOIT, JJ.

HOWERTON, Judge.

Paul Dwayne York, pro se, appeals from an order of the Bracken Circuit Court denying his motion to have his criminal record segregated in Indictment # 88–CR–003. He sought to compel all law enforcement agencies, but specifically the Corrections Cabinet and Parole Board, to segregate this record pursuant to KRS 17.142. He contends on appeal that this statute also applies to segregate court records; the Commonwealth generally agrees that KRS 17.142 applies to records in the hands of public agencies, but disputes its application to court records. We agree with the Commonwealth that KRS 17.142 applies to agency records but not to court records, thus we reverse and remand.

York was jointly indicted, with a co-defendant, William Frederick Turner, on March 7, 1988, on one count of second-degree burglary (KRS 511.030), and one count each of being persistent felons (KRS 532.080). York and Turner were tried together; Turner was found guilty as charged, and York was found "not guilty." The original judgment listed both defendants, but only the guilty verdict of Turner was shown. No disposition as to the charges against York was shown on the judgment. Pursuant to York's motion for a copy of the judgment showing disposition of the charges against him, the trial court entered a new judgment on December 16, 1988, indicating that the jury found York not guilty. Thereafter, on October 15, 1990, York made a motion, pursuant to KRS 17.142, to have his criminal record in Indictment # 88–CR–003 segregated. This request was denied because the trial court felt it was impractical to segregate records where a joint defendant was convicted. The court stated that the "recitation that [York] was acquitted adequately protects his rights."

■ The only issue is whether the trial court may, in the face of KRS 17.142, refuse to order the segregation of criminal records. York further requests this Court to rule on the scope of the statute.

KRS 17.142 reads:

*Segregation of criminal records.*—(1) Each law enforcement or other public agency in possession of arrest records, fingerprints, photographs, or other data whether in documentary or electronic form shall upon written request of the arrestee as provided herein segregate all records relating to the arrestee in its files in a file separate and apart from those of convicted persons, if the person who is the subject of the records:

(a) Is found innocent of the offense for which the records were made; or

(b) Has had all charges relating to the offense dismissed; or

(c) Has had all charges relating to the offense withdrawn.

(2) A person who has been arrested and then has come within the purview of

subsection (1) of this section may apply to the court in which the case was tried, or in which it would have been tried in the event of a dismissal or withdrawal of charges, for segregation of the records in the case. Upon receipt of such application the court *shall forthwith issue an order* to all law enforcement agencies in possession of such records to segregate the records in accordance with the provisions of this section.

(3) Each law enforcement agency receiving an order to segregate records shall forthwith:

(a) Segregate the records in its possession in a file separate and apart from records of convicted persons;

(b) Notify all agencies with which it has shared the records or to which it has provided copies of the records to segregate records; and

(c) All records segregated pursuant to this section shall show disposition of the case. (Emphasis added.)

The language of the statute is mandatory in that if application has been made, and (1)(a), (b), or (c) applies to the arrestee, then the court *shall* issue an order to segregate the criminal records. The only difference in the present case is that York was indicted and tried jointly with a co-defendant. The practical effect of giving York the benefit of this statute is that duplicates will probably have to be made of some of the documents, and perhaps obliterations made in the parts of the record retained in Turner's name. York is entitled to have his records segregated.

■ Next, we determine whether the statute applies to court records. The Commonwealth cites to two attorney general opinions which interpret KRS 17.142 as being inapplicable to court records. *See* OAG 80–460 and OAG 82–588. Attorney general opinions are usually sought by state officials concerning their official duties, since the attorney general is the legal advisor of all the "state officers, departments, commissions, and agencies" of the Commonwealth. KRS 15.020. The government officials are expected to abide by the opinion

until a court decrees otherwise or the legislature changes the law. OAG 84–136. An attorney general's opinion is highly persuasive, but not binding on the recipient. 7 Am.Jur.2d *Attorney General* § 11 (1980). Thus we give great weight to the reasoning and opinion expressed in OAG 80–460 and OAG 82–588 that KRS 17.142 does not apply to court records.

■ OAG 80–460 reasons that the statute would only apply to courts if they are considered public agencies. "Public agency" is defined as "A department or agency of government which has official or quasi official status. An administrative body." *Black's Law Dictionary*, 1227 (6th ed. 1990). Courts are specifically excluded from the definition of "agency" in the Federal Administrative Procedure Act. 5 U.S.C.A. § 551(1)(B); 5 U.S.C.A. §§ 551–559, 701–706.

A public agency is not defined in KRS Chapter 17 but is defined in several other statutes including KRS 7.107, 61.805, 61.-870, 65.230, and 171.410. The only statute which specifically includes courts within its definition of "public agency" is KRS 61.870 on open records. However, we note that the case of *Ex Parte Farley*, Ky., 570 S.W.2d 617 (1978), rejected portions of the open records law as it applies to court records. "[W]e are firmly of the opinion that the custody and control of the records generated by the courts in the course of their work are inseparable from the judicial function itself, and are not subject to statutory regulation." *Id.* at 624. *See also* Ky. Const. §§ 27 and 28. Furthermore, KRS 26A.200(1) provides:

All records, as defined in KRS 171.410(1), which are made by or generated for or received by any agency of the Court of Justice, or by any other court or agency or officer responsible to such court created under the present Constitution, or a former Constitution, whether pursuant to statute, regulation, court rule, or local ordinance shall be the property of the Court of Justice and are subject to the control of the Supreme Court.

So the only statute which specifically names courts as public agencies has been

held not to apply to court records. *Ex Parte Farley, supra.*

While some public agencies may possess some limited adjudicatory functions, they are not generally thought of as courts. 1 Am.Jur.2d *Administrative Law* § 52 (1962) [hereinafter *"Ad.Law"*]. Administrative agencies exercise a combination of executive, legislative and judicial powers. 1 Am.Jur.2d *Ad.Law* § 49. Agencies function to implement the general policy laid down by the legislature by functioning as rule-making, investigatory, enforcement, and adjudicatory bodies. *Cf.* 1 Am. Jur.2d *Ad.Law* § 16. The function of courts is much narrower, usually addressing themselves to problems after the fact, whereas agencies are more prospectively oriented, setting down rules to be followed based on laws passed by the legislature.

Based on all the above, we believe York was entitled to segregation of his criminal record in Indictment # 88–CR–003 in the care of public agencies; however, he is not entitled to have any of the court records segregated, as we do not believe KRS 17.- 142 was intended to apply to the maintenance of court records.

We are aware of *Aaron v. Commonwealth,* Ky.App., 810 S.W.2d 60 (1991), but believe this case is factually distinguishable.

The order of the trial court is reversed and the action remanded for proceedings consistent with this opinion.

All concur.