**William Keith HYATT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 1999–CA–000661–MR.**

Court of Appeals of Kentucky.

April 7, 2000.

William Keith Hyatt, Lawrenceburg, KY, pro se.

Albert B. Chandler, III, Attorney General, John E. Zak, Assistant Attorney General, Frankfort, KY, for appellee.

BEFORE: COMBS, DYCHE and McANULTY, Judges.

## OPINION

McANULTY, Judge:

This is an appeal from the trial court's order denying appellant's motion to segregate his criminal records. The question before the Court is whether a dismissal of an indictment pursuant to a pretrial diversion agreement constitutes eligibility for segregation of criminal records under KRS 17.142(1)(b). We conclude that it does and therefore reverse.

William Keith Hyatt was charged with one count of first-degree sexual abuse.

The Commonwealth and Hyatt entered into a pretrial diversion agreement in which the Commonwealth agreed to hold the case in abeyance for two years to permit Hyatt to undergo counseling. The Commonwealth further agreed that at the end of the two years or when the counselor informed the parties that Hyatt was no longer in need of counseling, the Commonwealth would move to dismiss the indictment with prejudice. The record indicates that the indictment was dismissed with prejudice after the two-year period.

Hyatt moved to segregate his criminal records under the indictment, pursuant to KRS 17.142. The trial court held a hearing and then denied the motion, finding that the diversion agreement did not include a provision for segregating his criminal records.

KRS 17.142(1) provides that law enforcement and public agencies in possession of arrest records shall segregate those records from the records of convicted persons, if the person who is the subject of those records:

(a) Is found innocent of the offense for which the records were made; or

(b) Has had all charges relating to the offense dismissed; or

(c) Has had all charges relating to the offense withdrawn.

KRS 17.142(1).

The statute further provides:

A person who has been arrested and then has come within the purview of subsection (1) of this section may apply to the court in which the case was tried, or in which it would have been tried in the event of a dismissal or withdrawal of charges, for segregation of the records in the case. Upon receipt of such application the court shall forthwith issue an order to all law enforcement agencies in possession of such records to segregate

the records in accordance with the provisions of this section. KRS 17.142(2).

■ We first observe that "[t]he language of the statute is mandatory in that if application has been made, and (1)(a), (b), or (c) applies to the arrestee, then the court **shall** issue an order to segregate the criminal records." *York v. Commonwealth*, Ky.App., 815 . S.W.2d 415, 417 (1991). (Emphasis in original).

The Commonwealth asserts that this statute was not intended to apply to charges which were dismissed as a result of participation in a pretrial diversion program but only to cases where indictments were dismissed due to innocence or lack of evidence. The Commonwealth offers no authority in support of this proposition. We are persuaded that the Commonwealth's argument is incorrect, based on the statutes regarding the pretrial diversion program.

■ KRS 533.258 explains the effects of successful completion of the pretrial diversion program:

(1) If the defendant successfully completes the provisions of the pretrial diversion agreement, the charges against the defendant shall be listed as "dismissed-diverted" and shall not constitute a criminal conviction.

(2) The defendant shall not be required to list this disposition on any application for employment, licensure, or otherwise unless required to do so by federal law.

(3) Pretrial diversion records shall not be introduced as evidence in any court in a civil, criminal, or other matter without the consent of the defendant.

It is clear that the legislature intends for a successful pretrial diversion to, in effect, wipe the slate clean as to those charges. The legislature does not intend for the successful participant to be stigmatized and this is evident in subsection (3) which provides that the pretrial diversion records shall not be introduced in court, without the consent of the participant.

■ Therefore, in the absence of an express legislative directive to the contrary, we see no reason why a successful pretrial diversion participant is not entitled to qualify under KRS 17.142(1)(b).

Having found that Hyatt qualifies under this statute, and considering the mandatory language as noted in *York v. Commonwealth, supra,* the order of the Anderson Circuit Court is reversed and this case is remanded for entry of an order granting Hyatt's motion to segregate criminal records, pursuant to KRS 17.142.

ALL CONCUR.