**COMMONWEALTH of Kentucky, Appellant,**

v.

**Orville Eugene SHOUSE, Appellee.**

No. 2005–CA–000071–MR.

Court of Appeals of Kentucky.

Jan. 13, 2006.

Gregory D. Stumbo, Attorney General of Kentucky, Matthew D. Nelson, Thom A. Marshall, Assistant Attorneys General, Frankfort, KY, for appellant.

No appellee brief filed.

Before GUIDUGLI and HENRY, Judges; POTTER, Senior Judge.[1]

## OPINION

POTTER, Senior Judge.

The issue presented in this appeal is whether a defendant who has successfully completed a felony diversion program may have the records of his case expunged under KRS 431.076. We hold that under the facts of this case he can.

In December 1999, Mr. Shouse pled guilty to a class D felony and entered a pretrial diversion program. The agreement he signed with the Commonwealth prior to entering into the program provided in part:

> I understand that upon successful completion of the terms and conditions of the Pretrial Diversion Program I may petition the Court for expungement of the dismissed-diverted charge.

The order granting pretrial diversion contained the following statement:

> If the defendant successfully completes Pretrial Diversion, the charges will be designated as Dismissed–Diverted. The defendant has been advised that upon successful completion of the diversion he/she may petition the Court for expungement of the record.

Both the agreement and the pretrial diversion order were completed on forms pro-

---

1. Senior Judge John Woods Potter sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

vided for that purpose by the Administrative Office of the Courts, presumably with the approval of the Supreme Court of Kentucky pursuant to KRS 533.260.

After successfully completing the diversion program, Mr. Shouse moved, under the terms of the pretrial order, for dismissal of all charges. By order entered in December 2001, the trial judge ordered the charge against Mr. Shouse "dismissed" and specifically directed that the record reflect that the charge was " 'dismissed-diverted' pursuant to KRS 533.258(1)." Three years later, in October 2004, Mr. Shouse moved to have the record expunged. After the Commonwealth objected, the trial judge initially denied the motion to expunge and instead ordered that "Defendant's arrest records are segregated pursuant to KRS 17.142." Mr. Shouse asked the court to reconsider the denial of his motion to expunge the record and on December 28, 2004, the trial judge set aside his previous order and granted the motion for expungement. This appeal followed.

In *Hyatt v. Commonwealth*, 17 S.W.3d 121 (Ky.App.2000), this Court held that one who has successfully completed a diversion program may have his records segregated under KRS 17.142(1). That statute permits the segregation of records in the hands of public agencies where a defendant:

(a) Is found innocent of the offense for which the records were made; or

(b) Has had all charges relating to the offense dismissed; or

(c) Has had all charges relating to the offense withdrawn.

*York v. Commonwealth*, 815 S.W.2d 415 (Ky.App.1991) holds that court records do not fall within the purview of the segregation statute.

Mr. Shouse sought to have his record expunged under KRS 431.076, which is available to a "person who has been charged with a criminal offense and who has been found not guilty of the offense, or against whom charges have been dismissed with prejudice...." By its own terms, the statute applies to all records, including court records. To summarize the distinction between the two statutes, segregation applies to "dismissed" cases and does not affect court records; expungement requires that a case be "dismissed with prejudice" and seals court records.

In granting Mr. Shouse's motion for expungement, the trial judge emphasized the fact that both the diversion agreement and the order approving the diversion program directly addressed the matter, advising the defendant "that upon successful completion of the diversion he may petition the court for expungement of the record." The Commonwealth argues, however, that Mr. Shouse does not meet the statutory criterion for expungement because his charge was not dismissed "with prejudice." It also points to a potential problem in allowing Mr. Shouse's records to be expunged. A person may apply for pretrial diversion only once in every five years. Expungement might prevent the prosecution from adequately addressing whether a defendant qualifies for pretrial diversion. We find no merit in either contention.

First, KRS 533.258(1), the statute upon which the Commonwealth relies in support of its contention that Mr. Shouse cannot meet the requirements for expungement, specifies only that dismissal after a successful diversion program may be "listed," whatever that means, as "dismissed diverted." RCr 8.04(5), on the other hand, specifically and forcefully addresses the disposition of successful diversions:

Upon the expiration of the period of suspension of prosecution and upon the completion of the agreement and where there is no motion by the Attorney for the Commonwealth to terminate the agreement upon any grounds permitted under this Rule, the indictment, complaint or charges which are the subject matter of the agreement **shall be dismissed with prejudice.** (Emphasis added.)

Thus, the trial judge did not err in concluding that the action against Mr. Shouse was dismissed with prejudice and that he was therefore entitled to avail himself of the expungement statute.

As to the contention that the granting of expungement will preclude the Commonwealth from assessing a defendant's eligibility for pre-trial diversion, the expungement statute specifically provides that the person affected may move the court to allow others to inspect his expunged record. KRS 431.076(6).

KRS 533.258(2) provides that after successful completion of a diversion agreement a defendant "shall not be required to list this disposition [of the diverted charges] on any application for employment, licensure, or otherwise unless required to do so by federal law." In *Hyatt, supra* at 123, the Court addressed the purpose of pretrial diversion programs stating:

It is clear that the legislature intends for a successful pretrial diversion to, in effect, wipe the slate clean as to those charges. The legislature does not intend for the successful participant to be stigmatized....

This legislative goal would be thwarted to a significant degree if a successful participant's record were readily available to the public through court records.

For these reasons, we are convinced that allowing a successful participant in a pretrial diversion program to expunge the record of his participation in that program best carries out the legislative intent. This approach conforms to the Supreme Court rules and does not violate any statutory prohibition.

We affirm the decision of the Breathitt Circuit Court allowing expungement of Mr. Shouse's record.

ALL CONCUR.