**COMMONWEALTH of Kentucky, CABINET FOR HEALTH AND FAMILY SERVICES; Commonwealth of Kentucky, Office of the Governor; Commonwealth of Kentucky, Finance & Administration Cabinet; Commonwealth of Kentucky, Kentucky Transportation Cabinet; and Commonwealth of Kentucky, Personnel Cabinet, Appellants,**

v.

**Ernesto SCORSONE, Appellee.**

No. 2006–CA–001704–MR.

Court of Appeals of Kentucky.

Feb. 15, 2008.

Rehearing Denied March 10, 2008.

David E. Fleenor, James Lee Deckard, Frankfort, KY, for Office of the Governor.

Gwendolyn R. Pinson, Frankfort, KY, for Finance and Administration Cabinet.

Thomas B. Stephens, Frankfort, KY, for Personnel Cabinet.

J. Todd Shipp, James R. Wood, Frankfort, KY, for Transportation Cabinet.

Johann F. Herklotz, Carlton S. Shier, IV, Frankfort, KY, for Cabinet for Health and Family Services.

Jane E. Graham, Henry Watz Gardner Sellars & Gardner, PLLC, Lexington, KY, for appellee.

Before LAMBERT, TAYLOR and WINE, Judges.

## OPINION

LAMBERT, Judge.

In this open-records case, representatives from various agencies in Governor Fletcher's Administration appeal the decision of the Franklin Circuit Court regarding disclosure of attorney billing statements prepared by non-government lawyers retained by the Fletcher Administration in connection with the Attorney General's recent investigation of the Administration's hiring practices. For the reasons set forth herein, we affirm in part, reverse in part, and remand.

The material facts are not in dispute. In this case, Senator Ernesto Scorsone of Lexington issued open-records requests to various agencies within the Fletcher Administration seeking all attorney billing statements from non-government lawyers retained by the Administration in connection with the Attorney General's recent investigation of the Fletcher Administration's hiring practices. Senator Scorsone's request sought "the date of each service performed, *a description of the service,* the identity of the attorney performing such service, the hourly rate charged for that attorney, the time spent by that attorney on that service, any reimbursable expenses, total amounts incurred and total amounts due for their services." The Fletcher Administration partially complied with Senator Scorsone's request by tendering its attorney billing statements relating to the investigation, *but redacting from them the descriptions of the particular services rendered* on the grounds that they are protected by attorney-client privilege.

Dissatisfied with the Administration's redactions, Senator Scorsone appealed to the Attorney General. The Attorney General rendered an open records decision ruling that the Fletcher Administration's blanket redaction of descriptions of particular services rendered from the billing statements was improper. The Attorney General ruled that redaction is only proper where a particular description of a service rendered would disclose privileged matters. In turn, the Fletcher Administration unsuccessfully appealed to Franklin circuit court, which generally agreed with the Attorney General's opinion. The circuit court, however, additionally ruled that, when the Administration was in doubt

whether a particular description contained protected material, the description in question should be submitted to the circuit court for an *in camera* review. Finally, the circuit court also awarded attorney fees to Senator Scorsone on the ground that the Fletcher Administration's redactions had been "willful."

■ The primary issue presented here is to what extent, if any, must descriptions of particular legal services rendered to the Fletcher Administration by non-government counsel be disclosed as open records. The Attorney General has rendered several open-record decisions indicating that "a public agency must release the billing statements prepared by attorneys retained by the agency reflecting the general nature of legal services rendered, but may redact substantive matters protected by the attorney-client privilege." And in matters relating to open records requests, we are bound to give great weight to the Attorney General's open record decisions. *See York v. Commonwealth*, 815 S.W.2d 415, 417 (Ky.App.1991). Here, we find the Attorney General's general statement of the law to be correct. *See e.g.,* Robert G. Lawson, *The Kentucky Evidence Law Handbook*, Sec. 5.10 at p. 233 (Michie 3d ed.1993).

The attorney-client privilege does not apply to all communications between an attorney and a client. Indeed, to fall under the attorney-client privilege, a communications must be confidential, relate to the rendition of legal services, and not fall under certain exceptions. *See* KRE 503. In the case at bar, the burden of proof of demonstrating that a requested public record falls within the attorney-client privilege falls upon the Administration. *See* KRS 61.882(3). And, like the Attorney General and the circuit court before us, we cannot imagine that each and every description of services rendered contained in billing statements prepared by non-gov-ernment lawyers during the Attorney General's investigation falls under the attorney-client privilege.

Thus, we find that the Attorney General and the circuit court are both correct in rejecting the Administration's blanket redaction of all descriptive portions of the disclosed billing records without particularized demonstration that each description is privileged. We further find that the circuit court's decision to allow the Administration to tender those portions of the billing records it believes to be privileged for *in camera* review to be in accordance with the Open Records Act and an excellent device for balancing the Administration's interest in the confidentiality of privileged materials and the public interest in the disclosure of nonconfidential government records. Therefore, we affirm the circuit court's decision regarding disclosure.

■ Although we affirm the circuit court's disclosure ruling, we nevertheless reverse its award of attorney's fees to appellee. Because the attorney-client privilege was favored by the circuit court to be a valid exception to at least a portion of the billings records, and because the circuit court's *in camera* review solution appears to be novel and therefore not readily available to appellants at the time of appellee's record request, we conclude the circuit court erred in finding that appellant willfully withheld records in violation of KRS 61.870 to 61.884. Accordingly, we hold each party should bear its own costs of litigation in this matter.

For the foregoing reasons, we affirm in part, the judgment of the Franklin Circuit Court, reverse in part and remand for further proceedings consistent with this opinion.

TAYLOR, Judge, Concurs.

WINE, Judge, Concurs in Part and Dissents in Part and Files Separate Opinion.

WINE, Judge, Concurring in Part and Dissenting in Part.

I concur with the majority that the blanket redaction of the descriptive portions of the billing records was improper. I further concur with that portion of the opinion which finds the trial court appropriately found the Administration could have submitted for an *in camera* review any portions of the billings it believed to be privileged.

However, I do not believe the trial court abused its discretion when it awarded attorney fees, having found the Administration willfully withheld portions of the records without first submitting those questioned portions to the trial court. Contrary to the majority opinion, this practice is neither novel nor is its availability limited. KRS 61.882, enacted in 1976 and subsequently amended in 1992, clearly allows for this practice.

KRS 61.882(3) provides:

In an appeal of an Attorney General's decision, where the appeal is properly filed pursuant to KRS 61.880(5)(a), the court shall determine the matter de novo. In an original action or an appeal of an Attorney General's decision, where the appeal is properly filed pursuant to KRS 61.880(5)(a), the burden of proof shall be on the public agency. *The court on its own motion, or on motion of either of the parties, may view the records in controversy in camera before reaching a decision.* Any non-compliance with the order of the court may be punished as contempt of court.

(Emphasis added).

Failing to follow this recognized procedure unnecessarily delayed the production of information to which the Appellee was entitled and unnecessarily increased the cost to obtain that information.

For these reasons, I would affirm the judgment of the trial court *in toto* including the award of attorney fees.