**William C. ERIKSEN, P.S.C. d/b/a Eriksen Chiropractic Centers**

v.

**GRUNER & SIMMS, PLLC.**

No. 2012–CA–000563–MR.

Court of Appeals of Kentucky.

May 17, 2013.

Shem D. Beard, Elizabethtown, KY, for Appellant.

Aaron Michael Murphy, Louisville, KY, for Appellee.

Before ACREE, Chief Judge; DIXON and THOMPSON, Judges.

## OPINION

**ACREE, Chief Judge:**

William C. Eriksen, P.S.C. d/b/a Eriksen Chiropractic Centers, appeals from a summary judgment granted by the Jefferson Circuit Court to Gruner & Simms, PLLC.

This appeal concerns the interpretation of Kentucky Revised Statutes (KRS) 422.317(1), which provides as follows:

> Upon a patient's written request, a hospital licensed under KRS Chapter 216B or a health care provider shall provide, without charge to the patient, a copy of the patient's medical record. A copying fee, not to exceed one dollar ($1) per page, may be charged by the health care provider for furnishing a second copy of the patient's medical record upon request either by the patient or the patient's attorney or the patient's authorized representative.

Gruner & Simms, PLLC, a law firm, filed a petition for declaratory relief in the Jefferson Circuit Court after Eriksen refused to provide Gruner with a free copy of one of its client's medical records. Eriksen's policy is outlined in a letter sent to one of Gruner's attorneys:

> Pursuant to Kentucky statute, we provide our patients one free copy of their medical records. This one free copy of records is provided **to our patients** in order to enable them to educate themselves with regard to their medical history.
>
> **All other persons including attorneys and authorized representatives** requesting records on behalf of an Eriksen Chiropractic patient must first notify us in writing by *mailed letter* that they agree to pay $1.00 per page in copying fees associated with tendering the patent's records. An invoice for these copying fees will be sent with the rec-

ords after your letter agreeing to pay these fees *for the specified patient* is received by our office. Please be advised that due to the large volume of records requests received by our office, we cannot provide total records copying costs in advance.

Please tender a letter to the address above ... agreeing to pay the copying fees associated with your records request in order to receive the records you desire.

(Emphasis in original.)

Eriksen filed a counter-petition, presenting an alternative interpretation of the statute and also challenging its constitutionality.[1] The circuit court granted summary judgment in favor of Gruner on March 2, 2012. This appeal by Eriksen followed.

In granting summary judgment to Gruner, the circuit court relied on an opinion of the Attorney General which addressed which charges were permissible under the statute and whether a patient had the ability to assign his or her right to obtain a free copy of the records. *See* OAG 09–009 (Dec. 11, 2009) (2009 WL 4917549). The circuit court held that a patient could authorize a third party to pick up or receive the free copy of the medical records. The circuit court further held that the health care provider could charge a reasonable fee to cover the cost of sending the free record to a patient, by mail, fax or other means, as long as the patient was also provided with a free option, such as pickup from the health care provider's office.

"All statutes ... shall be liberally construed with a view to promote their objects and carry out the intent of the legislature[.]" KRS 446.080. "A statute should be construed, if possible, so as to effectuate the plain meaning and unambiguous intent expressed in the law." *Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth of Kentucky, Transp. Cab.,* 983 S.W.2d 488, 492 (Ky.1998) (citations omitted).

On appeal, Eriksen contends that the statute only requires the release of the first, free copy of the medical records to the patient, and the patient alone. He argues that the plain language of the statute makes no provision for the assignment of the first free copy to an agent. He does state that he is not opposed to authorized parties picking up a free copy of the records, although he does not believe the statute requires this. Eriksen further contends that the plain language of the statute directing health providers to "provide" the medical records does not mandate the mailing or faxing of the free copy.

The OAG states in pertinent part that

in a situation where a patient is requesting their one free copy allowed under KRS 422.317, providers must make a complete copy of the records available in some manner without requiring additional payments of *any* type.

While KRS 422.317 requires hospitals and physicians to "provide" one copy of the records to the patient without charge, it does not set forth the manner in which records are to be delivered. In our view, a provider must make some arrangement for a patient to receive copies of their medical records without cost, whether that is to make them available for pickup, mailing, faxing or some other form of delivery. However, it does appear that the statute may allow a provider to charge additional fees for mailing, faxing or otherwise delivering

---

1. Eriksen notified the Attorney General of its constitutional challenge to the statute, as re-

quired by KRS 418.075.

the records to a patient if the patient is afforded some alternative method of delivery which does not include charges. For example, if a provider allows the patient an opportunity to pick up a copy of the records at the place where the treatment was rendered, but the patient or requesting party asks for those copies to be mailed or faxed, the provider could charge for that additional service.

▮▮▮ While not binding on the courts, opinions of the Attorney General are generally considered persuasive. *York v. Commonwealth*, 815 S.W.2d 415, 417 (Ky. App.1991). We agree with the circuit court and with the opinion of the Attorney General that the first, free copy of the records must be made available to an agent of the patient if the patient expressly so requests. Any other interpretation would mean that an incapacitated patient could face insurmountable obstacles to obtaining his or her medical records. We also agree that any reasonable expenses incurred by the medical provider in mailing, faxing or otherwise transmitting the records can be charged to the patient.

Eriksen argues that this interpretation of the statute will lead to numerous abuses, such as attorneys acquiring the records without their clients' knowledge that they are entitled to the first free copy, or insurers including language in claim documents authorizing them to receive the free records without the patient's informed consent. Eriksen also points to the practical difficulties associated with calculating a reasonable charge for mailing or faxing the medical records. Although these potential problems may form the subject of future litigation, we agree with the circuit court that the Attorney General's interpretation of the statute comports with its plain language and its intent, without placing an undue burden on health care providers. The intent of the statute is to ensure that a patient may obtain one copy of his or her medical records without charge. For a patient who is incapacitated and without an agent to pick up the records from the provider's office, mailing, faxing, or scanning might be the only practicable way to get the free record.

▮▮▮ Finally, Eriksen argues that KRS 422.317 violates Section 2 of the Kentucky Constitution, which states that "[a]bsolute and arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic, not even in the largest majority." "In order to pass constitutional muster in this regard, a statute must be rationally related to a legitimate state objective." *Commonwealth v. Louisville Atlantis Community/Adapt, Inc.*, 971 S.W.2d 810, 816 (Ky.App.1997). "[A] strong presumption exists in favor of [a] statute's constitutionality. The [party] who questions the validity of an act bears the burden to sustain such contention." *TECO Mechanical Contractor, Inc. v. Commonwealth, Environmental and Public Protection Cabinet*, 366 S.W.3d 386, 392–93 (Ky. 2012) (internal citations and quotation marks omitted).

▮▮▮ Eriksen argues that KRS 422.317 "enslaves" health care providers by requiring them to expend time, money and property in replicating a copy of their patients' records without compensation. He argues that most, if not all patients, attorneys, insurers, and other third parties are easily capable of providing reimbursement for the records to the provider. He argues that it was an arbitrary and artificial decision of the Kentucky legislature to place the entire burden for the provision of medical records upon health care providers, and represents an unlawful extension of the legislature's power.

The statute requires health care providers only to bear the cost of the first copy

of the medical records. As we have stated, health care providers may seek reimbursement for any charges incurred in mailing, faxing, scanning or other means used to transmit these records to the patient or the patient's agent. The statute expressly allows a charge for subsequent copies. Placing this minimal burden on health care providers is rationally related to the legislature's objective of ensuring that all patients, including the economically disadvantaged, have free access to one copy of their medical records.

 Eriksen further argues that the statute deprives him of property without due process of law under the Fifth Amendment and denies him the equal protection of the laws under the Fourteenth Amendment because health care providers are the only class of persons required to provide service without just compensation. He argues that this is a classification based on purely artificial, arbitrary or fictitious conditions, since the majority of patients could reimburse providers the small fee for the reproduction of the records. Again, all hospitals and health care providers are subject to the terms of the statute; no group or individual is exempt from its requirements. As we have already stated, the state interest in providing medical records to patients outweighs any minor inconvenience to the providers.

Furthermore, state government often passes laws that increase the cost of doing business. Whether health care providers factor into their pricing the possibility of incurring expenses associated with statutory compliance is a business decision the government usually does not make for a business. At least it has not in this case. These constitutional arguments, therefore, necessarily fail.

The order granting summary judgment is affirmed.

ALL CONCUR.